IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TOMMY POSEY | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:20-cv-90-HSO-RHWR |
| | § | |
| CITY OF MOSS POINT, | § | |
| MISSISSIPPI; MARIO KING; | § | |
| and JOHN DOES 1-5 | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS CITY OF MOSS POINT, MISSISSIPPI, AND MARIO KING'S MOTION [93] FOR SUMMARY JUDGMENT AND DISMISSING PLAINTIFF TOMMY POSEY'S CLAIMS AGAINST DEFENDANTS CITY OF MOSS POINT, MISSISSIPPI, AND MARIO KING**

BEFORE THE COURT is Defendants City of Moss Point, Mississippi, and Mario King's Motion [93] for Summary Judgment. This Motion is fully briefed. After due consideration of the record, the parties' submissions, related pleadings, and relevant legal authority, the Court finds that Defendants City of Moss Point, Mississippi, and Mario King's Motion [93] for Summary Judgment should be granted, and that Plaintiff Tommy Posey's claims against Defendants should be dismissed with prejudice.

## I.  BACKGROUND

### A.  Factual background

Plaintiff Tommy Posey ("Plaintiff" or "Posey") is a resident of Jackson County, Mississippi, Am. Compl. [68] at 1, who was employed by the City of Moss Point ("City") from 1982 until he retired in 2019, Ex. 3 [94-3] at 10-11. Posey "worked in various capacities within the fire department," Am. Compl. [68] at 2,

including as fire chief at the time of his retirement in July 2019, Ex. 3 [94-3] at 10-11. Posey is a white male over the age of forty. Am. Compl. [68] at 9-10.

Posey alleges that in July 2017, Mario King ("King") became Mayor of the City and that, after he took office, he engaged in a pattern of harassing older employees. Generally, Posey asserts that King: (1) forced or coerced other employees into making knowingly false and defamatory comments about other employees; (2) altered employees' performance evaluations in an effort to have them discharged; (3) sought to use his position to intimidate employees and to benefit himself, his family, and his friends; (4) misused City resources and punished those who reported him; (5) used his position to obtain benefits from private entities; (6) tried to eliminate positions in order to receive pay increases; (7) harassed employees until they were forced to leave their employment; and (8) retaliated against employees who filed charges with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 2-4.[1] Posey further asserts that the Board of Aldermen of the City of Moss Point ("Board") allowed King to operate without oversight. *Id.* at 4.

B.   Procedural history

On July 2, 2019, twelve individuals who were employees or residents of the City ("Plaintiffs") initiated an action in this Court against the City and King (collectively "Defendants"). Compl. [1]. Plaintiffs collectively advanced seven claims, including First Amendment, Second Amendment, Title VII, age discrimination,

---

[1] These assertions are the same as those contained in the original Complaint [1] filed before this matter was severed into separate actions, and there is no allegation that King directed these actions at Posey personally. *See* Compl. [1] at 4-6; Am. Compl. [68] at 2-4.

taxpayer, and state-law claims. *See id*. On September 17, 2019, Plaintiffs filed an Amended Complaint [18] adding an additional plaintiff, and Defendants filed a Motion for Severance [20], arguing that the Court should sever the claims of each Plaintiff into individual actions. Mot. [20]. The Court granted Defendants' Motion [20] on March 2, 2020, and Plaintiffs' claims were severed into twelve separate cases, in addition to the original parent suit. Order [67]. The Court ordered each Plaintiff to file an amended complaint in their individual case "set[ting] forth factual allegations and claims specific to him or her." *Id*. at 22.

Posey filed his Amended Complaint [68] on May 1, 2020, advancing five causes of action. Four were brought against both the City and King: (1) Second and Fourteenth Amendment violations pursuant to 42 U.S.C. § 1983 (Count One); (2) First Amendment and equal protection violations pursuant to 42 U.S.C. § 1983 (Count Two); (3) Age Discrimination in Employment Act ("ADEA") and equal protection claims for age discrimination and retaliation pursuant to 42 U.S.C. § 1983 (Count Three); and (4) Title VII and equal protection claims for racial discrimination and harassment pursuant to 42 U.S.C. § 1983 (Count Five).[2] *See* Am. Compl. [68] at 5-12. The Amended Complaint also asserted state-law claims against Defendant King individually for intentional infliction of emotional distress, malicious interference with employment, and outrage (Count Six). *See id*. at 11-12.

Defendants filed a Motion [70] to Dismiss which sought dismissal of all of

---

[2] In what appears to be a typographical error, the Amended Complaint lists Plaintiff's claims under Title VII, the fourth cause of action, as "Count V" and his state-law claims, the fifth cause of action, as "Count VI." The Court will refer to those claims using the language from the Amended Complaint.

Posey's claims pursuant to Federal Rule of Civil Procedure 41(b), and more specifically sought dismissal on the merits of Posey's Second and Fourteenth Amendment claims in Count One and his state-law claims in Count Six. Mem. [71]. The Court entered an Order [83] on February 26, 2021, granting in part and denying in part Defendants' Motion. Order [83]. The Court denied Defendants' request for a Rule 41(b) dismissal but granted dismissal of Posey's Second and Fourteenth Amendment claims against the City and King in Count One, his state-law claims against King in Count Six, and all of his 42 U.S.C. § 1983 claims against King in his official capacity. *Id.* at 21-22. The Order [83] permitted Posey's claims in Counts Two, Three, and Five to proceed. *Id.* at 22.

Defendants have now filed the present Motion [93] for Summary Judgment seeking dismissal of all remaining claims against them. Mot. [93]. Posey has filed a Response [96] in Opposition arguing that his claims against the City and King should not be dismissed. Posey does, however, concede his First Amendment claims against Defendants in Count Two and his race discrimination claims in Count Five, and the Court will therefore dismiss these claims. Resp. [96] at 10.

## II.  DISCUSSION

### A.  Summary judgment standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that

there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In order to rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted). Summary judgment is appropriate if the evidence is merely colorable or is not significantly probative. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). In deciding whether summary judgment is appropriate, the Court views the facts and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010).

B.   <u>Claims conceded by Plaintiff</u>

Posey states that he does "not oppose . . . Defendants' Motion [93] for Summary Judgment" as to his First Amendment claims. Resp. [96] at 10. Because Posey has conceded his First Amendment claims, the Court will dismiss the First Amendment claims in Count Two. Posey's Response [96] also states that he "concedes the remaining claim that his discharge was based upon race," and the Court will dismiss Posey's Title VII and 42 U.S.C. § 1983 claims for race discrimination in Count Five. *Id*. This leaves for resolution Posey's: (1) ADEA and

5

§ 1983 equal protection claims for age discrimination and retaliation in Count

Three; and (2) Title VII and § 1983 equal protection claims for race-based

harassment in Count Five.

C.   Count Three - Age discrimination and retaliation under 42 U.S.C. § 1983 and
     the ADEA

1.   42 U.S.C. § 1983 claim

The Amended Complaint [68] advances an equal protection claim pursuant to

42 U.S.C. § 1983 for age discrimination and retaliation. Am. Compl. [68] at 8-10.

Posey asserts that the City and King discriminated against older employees by

making derogatory remarks about their age, requesting that they retire, calling out

employees' age-related ailments, reassigning them to positions for which they were

not qualified, and attempting to lower their salaries. *Id*. at 8-9. With respect to

Posey, he avers that King asked him to retire "on multiple occasions." *Id*. at 9.

Posey claims that King's "daily harassments and threats" ultimately "compelled

[him] to resign in order to remove himself from the hostile work environment." *Id*.

"Section 1983 does not create any substantive rights, but instead was

designed to provide a remedy for violations of statutory and constitutional rights."

*Lafleur v. Tex. Dept. of Health*, 126 F.3d 758, 759 (5th Cir. 1997). The Court

employs a two-step inquiry for determining whether a § 1983 remedy exists: "(1) if

the plaintiff asserts the violation of a federal right, then a § 1983 remedy exists

unless, (2) the defendant can show that Congress specifically foreclosed a remedy

under § 1983 by providing a comprehensive enforcement mechanism for protection

of a federal right." *Id*. (citing *Golden State Transit Corp. v. City of Los Angeles*, 493

6

U.S. 103, 110 (1989)); *see also Gazzo v. Miss. Dept. of Pub. Safety*, 1:09CV719-LG-RHW, 2010 WL 382588, at *3 (S.D. Miss. Jan. 27, 2010) (applying this test). As to the second step, Defendants argue that Posey's claims under Count Three are preempted by the ADEA, 29 U.S.C. § 621, *et seq.* Mem. [94] at 10-12.

In *Lafleur*, the Fifth Circuit noted that "Congress has enacted a statutory provision to confront age discrimination in the work place via the ADEA," and held "that the ADEA is the sole remedy for persons who have been discriminated against based on their age." *Lafleur*, 126 F.3d at 760. As such, the "[s]ubstantive rights secured by the ADEA may not . . . be used as the basis for a § 1983 suit," *Jackson v. St. Charles Parish Hous. Auth. Bd. of Comm'rs*, 441 F. Supp. 3d 341, 356 (E.D. La. 2020), because "§ 1983 age discrimination claim[s] [are] preempted by the ADEA," *Pechon v. La. Dept. of Health and Hosps.*, 368 F. App'x 606, 611 (5th Cir. 2010) (alterations in original) (quoting *Lafleur*, 126 F.3d at 760). Accordingly, age discrimination claims should be brought under the ADEA, unless the plaintiff pleads facts that would independently support a § 1983 claim. *Lafleur*, 126 F.3d at 760; *see also Pequeno v. Univ. of Tex. at Brownsville*, 1:14-CV-093, 2015 WL 13649809, at *3 (S.D. Tex. July 29, 2015).

Posey counters that his § 1983 age discrimination claim is not preempted by the ADEA because he has set forth facts demonstrating that King harassed him and treated younger employees differently under the Fourteenth Amendment. Resp. [96] at 4-5. The facts as set forth in the Amended Complaint [68] do not support an independent claim under § 1983. Disparate treatment based upon one's age and

retaliation for engaging in a protected activity are expressly prohibited by the

ADEA. *See* 29 U.S.C. § 623(a)(1-3), (d); *Kentucky Ret. Sys. v. E.E.O.C.*, 554 U.S. 135,

141 (2008); *Holtzclaw v. DSC Commc'ns Corp*, 255 F.3d 254, 260 (5th Cir. 2001)

("Retaliation claims are nothing more than a protection against discrimination in

that the employee against whom the employer has retaliated suffers discrimination

based on the employee's exercise of a right to charge, testify, assist, or participate in

a protected activity under the ADEA."). Posey's allegations raise age discrimination

and retaliation claims that fall squarely within the purview of the ADEA, and as

such his § 1983 claims in Count Three are preempted because his pleadings "only

allege facts that show a claim for age discrimination." *Pequeno*, 2015 WL 13649809,

at *3.[3] The § 1983 claims in Count Three will be dismissed.

2.   <u>ADEA claim</u>

Posey does not reference the ADEA in Count Three but alleges that this

Court has jurisdiction over his claims pursuant to the ADEA. Am. Compl. [68] at 2.

To the extent the pleadings may be construed to raise an ADEA claim, the Court

will address it.

The ADEA makes it unlawful "for an employer to fail or refuse to hire . . . any

individual or otherwise discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such

---

[3] This Court has also recognized that, "the [e]qual [p]rotection [c]lause does not preclude workplace retaliation." *Robinson v. Jackson Pub. Sch. Dist.*, No. 3:08cv135-DPJ-FKB, 2011 WL 198127, at *5 (S.D. Miss. Jan. 20, 2011) (collecting cases). Posey's retaliation claim under 42 U.S.C. § 1983 fails for this reason as well.

individual's age." 29 U.S.C. § 623(a)(1). For the protections of the ADEA to apply,

the individual must be at least forty years of age. 29 U.S.C. § 631(a). It is

uncontroverted that Posey was at all relevant times over the age of forty. Am.

Compl [68] at 9-10; Answer [89] at 5.

a.     Direct evidence of age discrimination

Age discrimination under the ADEA may be established through either direct

or circumstantial evidence. *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th

Cir. 2004). "Direct evidence" must be "unambiguous, allowing a reasonable jury to

conclude without any inferences or presumptions that age was an impermissible

factor in the decision to terminate the employee." *Moss v. BMC Software, Inc.*, 610

F.3d 917, 929 (5th Cir. 2010) (quotation omitted). Workplace "remarks" may serve

as direct evidence, but to avoid summary judgment they must be: (1) "age related";

(2) "proximate in time to the termination[]"; (3) "made by an individual with

authority over the employment decision at issue"; and (4) "related to the

employment decision at issue." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 441 (5th

Cir. 2012) (quoting *Brown v. CSC Logic, Inc.,* 82 F.3d 651, 655 (5th Cir. 1996)).

Comments that fall short of this standard are deemed "stray remarks" and

considered insufficient to preclude summary judgment. *See E.E.O.C. v. Tex.

Instruments, Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996); *Goudeau v. Nat'l Oilwell

Varco, L.P.*, 793 F.3d 470, 475 (5th Cir. 2015) ("[Remarks] defeat summary

judgment-that is to serve as sufficient evidence that by itself would allow a jury to

find discriminatory motive-only if they are not stray, but instead are tied to the

adverse employment action at issue both in terms of when and by whom they were made.").

In his Response, Posey attributes several derogatory comments to King that he claims were age-related. Resp. [96] at 7. The first appears in an e-mail King sent to City employees on September 12, 2017, which included the following statement:

> [i]f you are in a place where you are no longer able to perform, you are getting angry, taking medication because of work, developed high blood pressure, or your job is a burden to you, it is time to make a tough decision.

*Id.* at 3, 7; *see also* Ex. 3 [96-3] at 1. Posey asserts that this "was a direct reference to age related ailments." Resp. [96] at 3, 7. Next, Posey cites a statement that King made to Franklin Vance, a fire department employee, that "we're losing money with [older people] and they all need to be gone," Ex. 8 [96-8] at 3, and statements made about Shirley Joseph, a City employee, in which King described her as "old and dried up" and said that "her age did not sit right with [him]," Ex. 9 [96-9] at 3-4.

Posey also relies upon several statements that King made to him directly. After a staff meeting in and around September 2018, King asked Posey to stay for an individual meeting with him, the City's human resources director, and the police chief. Ex. 3 [94-3] at 15. Posey claims that King "pretty much looked at me and said, you need to retire," because Posey had "been there too long." Ex. 7 [96-7] at 3; Ex. 3 [94-3] at 17. Posey told King he would not retire. A week later, following another staff meeting, King asked Posey "if [he] had reconsidered," to which Posey responded that he had not. Ex. 3 [94-3] at 20. Posey also claims that in a staff meeting prior to these King had gone on "a rant . . . concerning older people," during

10

which he described "[a]nybody over 40 years old" as a "dinosaur" and said that "they ought to leave, they ought not be involved." *Id*. at 17. King also allegedly stated that Melvin Harris, who was a county supervisor and around 70 years old at the time, "ought to die." *Id*. at 22. Posey also further asserts that King "declared that older employees should retire or die" at several staff meetings, but he has not been able to provide any dates for when these comments were made. Ex. 5 [96-5] at 2.

Even assuming that these remarks would satisfy the other prongs of the direct evidence test, the Court finds that King's comments are too attenuated to constitute direct evidence of age discrimination. The employment decision at issue is Posey's purported forced resignation, Resp. [96] at 9-10, which occurred when Posey retired on July 1, 2019, Ex. 7 [96-7] at 33. The Fifth Circuit has "discounted isolated remarks made within as little as four months of an employment decision" as insufficient to satisfy the temporal proximity prong. *Rodriguez v. Eli Lilly and Co.*, 820 F.3d 759, 764 (5th Cir. 2016) (collecting cases where comments made four months and six months prior to the challenged employment decision were not direct evidence of discrimination).

Here, all of the comments cited by Posey occurred at least 9 months before he decided to retire, and King's September 17, 2017, email occurred nearly two years before Posey retired. *See Patel v. Midland Mem'l Hosp. and Med. Cntr.*, 298 F.3d 333, 344 (5th Cir. 2002) (recognizing comments made two years before the plaintiff was suspended as too remote). King's statements asking Posey to retire, referring to people over forty as dinosaurs, and purportedly stating that a 70-year-old county

supervisor should die all occurred in and around September 2018, nearly ten months before Posey's resignation. *See Rodriguez*, 820 F.3d at 764-65 (finding a comment made seven months before the employee's termination insufficient to satisfy this prong). Similarly, in and around August 2018 King made the comment about Joseph being "old and dried up." Ex. 9 [96-9] at 4; Ex. 2 [98-2] at 12, 19.

Finally, Posey has not provided any evidence of when King made his comment to Vance, when King commented that Joseph's age did not "sit right" with him, or when King said older employees should retire or die. *See* Ex. 8 [96-8] at 3; Ex. 9 [96-9] at 3; Ex. 5 [96-5] at 2. Posey has not shown that these comments were sufficiently proximate in time to his retirement on July 1, 2019, so as to constitute direct evidence of age discrimination. Instead, these comments constituted stray remarks which, by themselves, do not allow a "a rational trier of fact . . . [to] conclude that age played a role in" Posey's purported forced resignation. *Moss*, 610 F.3d at 929 (quoting *Rachid*, 376 F.3d at 315-16).

b.   <u>Circumstantial evidence of age discrimination</u>

Alternatively, Posey may prove disparate treatment under the ADEA through circumstantial evidence. The Fifth Circuit applies the burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to disparate treatment claims based upon circumstantial evidence. *See Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 393-94 (5th Cir. 2002). To establish a prima facie case of age discrimination, the plaintiff must prove:

> (1) he was discharged [or suffered some adverse employment action by the employer]; (2) he was qualified for the position; (3) he was

12

> within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age.

*Berquist v. Washington Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007) (quoting *Rachid*, 376 F.3d at 309); *see also Tagliabue v. Orkin, L.L.C.*, 794 F. App'x 389, 393 (5th Cir. 2019). If the plaintiff carries this burden, an inference of discrimination arises that the defendant may rebut by offering a legitimate, non-discriminatory reason for its decision. *Tagliabue*, 794 F. App'x at 394-95. If the defendant provides such a reason, the plaintiff then must prove that the defendant's stated reason is a pretext for discrimination. *Id*. at 395.

c.   Posey's prima facie case

Defendants first argue that any ADEA claim against King individually must be dismissed. Mem. [94] at 17-18. The Court agrees. The Fifth Circuit has held "that the ADEA provides no basis for individual liability for supervisory employees." *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996); *see also Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trs.*, 709 F. App'x 243, 247 (5th Cir. 2017) (same). Only employers may be held liable under the ADEA. *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001). Therefore, summary judgment on Posey's ADEA claims against King individually is appropriate.

Defendants next assert that Posey's ADEA claims against the City should be dismissed because he cannot establish a prima facie case of age discrimination. Mem. [94] at 12-15. The parties do not contest that Posey was qualified for the fire department chief position and that he was over forty years of age when he retired.

However, they maintain that Posey was not subjected to an adverse employment action and that he cannot show that he was treated less favorably than any similarly situated younger employee. *Id*. Posey responds that he was constructively discharged because he was asked to resign or be fired, Resp. [96] at 9-10, and he asserts that King treated younger employees more favorably and that he "was replaced by a person who was substantially (sic) than he was," *id*. at 10.[4]

The Fifth Circuit has recognized that an employee who resigns or retires "may satisfy the discharge requirement by proving constructive discharge." *Brown v. Bunge Corp.*, 207 F.3d 776, 782 (5th Cir. 2000) (citation omitted). Constructive discharge occurs when an "employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." *Peterson v. City of Dallas*, 135 F. App'x 635, 638 (5th Cir. 2005) (quoting *Jurgens v. E.E.O.C.*, 903 F.2d 386, 390 (5th Cir. 1990)). In making this determination, courts consider whether the plaintiff suffered:

> (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement [or continued employment on terms less favorable than the employee's former status].

*Brown*, 207 F.3d at 782 (alterations in original) (quoting *Barrow v. New Orleans Steamship, Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994)). This test is objective, meaning that the employee's "resignation must have been reasonable under all the

---

[4] Posey has not identified who replaced him as fire department chief or identified that person's age.

circumstances." *Tyler*, 304 F.3d at 394 (quoting *Barrow*, 10 F.3d at 297). "In addition, a plaintiff may be constructively discharged if the employer gives the employee an ultimatum to quit or be fired." *Perret v. Nationwide Mut. Ins. Co.*, 770 F.3d 336, 338 (5th Cir. 2014) (citations omitted).

The competent summary judgment evidence establishes beyond dispute that Posey (1) was not demoted, (2) did not receive a salary reduction, (3) did not have his job responsibilities reduced, and (4) was not reassigned to menial work or (5) to a supervisor younger than him. Ex. 3 [94-3] at 11, 24-25, 31. Posey's only possible argument with respect to the first three constructive discharge factors is the Board's initial decision to eliminate the fire chief position. Specifically, on September 6, 2018, the City's Board of Aldermen voted to eliminate the fire chief position and implement a public safety officer in its place. *Id*. at 19, 24-25. The effective date of this change was set to be December 31, 2018, but just 20 days later the Board voted to rescind this action. *Id*. at 25. As a result, the fire chief position was never eliminated and Posey continued in this role until he retired on July 1, 2019. *Id*. at 11.

Although the Board initially voted to eliminate his position, that decision was rescinded and never went into effect. Thus, Posey cannot claim that the Board demoted him, reduced his pay, or reduced his job responsibilities. The uncontested summary judgment evidence shows that Posey remained in his position until he retired. *Id*. at 11. Finally, Posey has not presented evidence that he was (4) reassigned to menial work or (5) to a younger supervisor at any point. As such, none

of these pertinent "aggravating factors" support a claim that Posey was constructively discharged. *See McCann v. Litton Sys., Inc.*, 986 F.2d 946, 951 (5th Cir. 1993).

As to the sixth factor, Posey asserts in his Response that he was "constantly harassed" by King and that he resigned "when he was told he would be eliminated if he refused to retire." Resp. [96] at 4 (citing Ex. 7 [96-7] at 3, 5). Harassment sufficient to constitute a constructive discharge must be greater than that required to support a hostile work environment claim. *Brown*, 237 F.3d at 566 (citation omitted). To prove a hostile work environment based on age discrimination, the plaintiff must establish "(1) he was over the age of 40; (2) [he] was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer." *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011).

The third element is satisfied where the workplace environment is "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently pervasive to alter the conditions of the victim's employment." *Id*. (quoting *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 771 (5th Cir. 2009)). "[T]he complained-of conduct must be both objectively and subjectively offensive." *Id*. In determining whether conduct is objectively offensive, "the totality of the circumstances is considered, including: '(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or

merely an offensive utterance; and (4) whether it interferes with an employee's work performance.'" *Id.* (quoting *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 399 (5th Cir. 2007) (applying these factors to a Title VII hostile work environment claim)).

Posey's only evidence of harassing conduct consists of the sporadic age-related remarks that King made to him and other City employees. As discussed previously, these included one email that referenced age-related ailments, one comment to Vance in a City staff meeting, two comments that another City staffer relayed to Joseph, and the comments King made to Posey directly. *See* Ex. 3 [96-3] at 1; Ex. 8 [96-8] at 3; Ex. 9 [96-9] at 3-4; Ex. 7 [96-7] at 3-5; Ex. 3 [94-3] at 15, 17, 21-22. These comments were spread out over a period of one year. This evidence is insufficient to support a hostile work environment claim.

By comparison, the Fifth Circuit has found age-related statements, including referring to an older employee as "old mother * * * * * *," "old man," and "pops," to be pervasive when they were used a "half-dozen" times daily over a two-month period. *See Dediol*, 655 F.3d at 438-39, 442; *see also Farpella-Crosby v. Horizon Health Care*, 97 F.3d 803, 806-08 (5th Cir. 1996) (finding frequent harassment where the plaintiff was subject to sexually harassing comments "two or three times a week" for nearly six months). The Fifth Circuit has rejected less frequent usage of derogatory remarks as falling short of pervasive harassment. *See Moody v. United States Sec'y of Army*, 72 F. App'x 235, 238-39 (5th Cir. 2003) (finding four comments about an employee's age, including two which asked when the employee would

17

retire, over a thirteen-month period insufficient to show frequent harassment); *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 330 (5th Cir. 2009) (finding seven sexually harassing statements over one month to be infrequent harassing behavior). In totality, Posey has presented the Court with nine comments made by King relating to City employees' age that occurred over an approximately one-year period, only four of which were said directly to him.[5]  This is insufficient to reach the frequency of those made in *Dediol* and *Farpella-Crosby*, and are much more akin in numerosity and duration to those that the Fifth Circuit rejected in *Moody* and *Stewart*.

With respect to severity, each comment was arguably boorish and offensive, but under Fifth Circuit precedent they were not sufficiently severe. *See Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 874 (5th Cir. 1999) (holding that occasional sexually teasing comments were "boorish and offense" but not severe). Although "a long-term pattern of ridicule" may constitute severe harassment, the facts of this case do not establish such a pattern as it related to Posey. *WC&M Enters., Inc.*, 496 F.3d at 400-01 (holding that "verbal harassment on a regular basis" for a year was sufficient to establish a hostile work environment claim under Title VII). Instead, the summary judgment record reveals isolated age-related statements made over a one-year period, with the last comment preceding Posey's retirement by almost ten-months. *See Alaniz*, 591 F.3d at 771 ("However, not all

---

[5] This period began on September 12, 2017, with King's age-related ailments emails and ended when King asked Posey in September 2018 if he had reconsidered his decision to retire. Ex. 3 [96-3] at 1; Ex. 7 [96-7] at 21.

harassment, including 'simple teasing, offhand comments, and isolated incidents (unless extremely serious),' will  affect a 'term, condition, or privilege of employment.'") (quoting *Shepherd*, 168 F.3d at 874).

In addition, there is no evidence that Posey felt threatened or humiliated by King's comments, and there is no evidence that King's comments detracted from Posey's job performance, discouraged him from remaining on the job, or kept him from advancing in his career. *See Barkley v. Singing River Elec. Power Ass'n*, 433 F. App'x 254, 258 (5th Cir. 2011). On the contrary, Posey remained chief of the fire department for nearly ten months after the last derogatory comment, and he testified that his eventual retirement had nothing to do with his age. Ex. 3 [94-3] at 33-34.

Turning to the seventh constructive discharge factor, the summary judgment record reveals that King twice asked Posey if he would retire. Ex. 7 [96-7] at 3-5; Ex. 3 [94-3] at 17-18, 20. However, "an early retirement option can constitute a constructive discharge only if the employee shows that it sufficiently alters the status quo that each choice facing the employee makes him worse off." *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1214 (5th Cir. 1992) (citations omitted). After the second staff meeting in September 2018, King asked Posey if he had reconsidered whether or not he would retire and informed Posey that the Board had voted to eliminate his position. Ex. 3 [94-3] at 20-21. Posey still declined to retire, and shortly thereafter the Board rescinded its decision. Posey remained on the job for nearly ten more months until he elected to retire. *See id*. at 20-21, 25, 33-34. As

such, Posey's status quo was unchanged by King's retirement comments.

Finally, the Court finds that Posey was not given "an ultimatum to quit or be fired" because neither the City nor King ever informed Posey that he would be fired. *Perret*, 770 F.3d at 338. King asked Posey to retire and told him that the chief position was being eliminated, but it is undisputed that King lacked the authority to terminate Posey, Ex. 7 [96-7] at 13; Ex. 10 [96-10] at 3, and the Board quickly reversed course on its decision to eliminate his position, Ex. 3 [94-3] at 25. Moreover, Posey refused to retire and suffered no adverse consequences. As such, King's comments cannot constitute an ultimatum sufficient to show a constructive discharge.

Based on the foregoing, the Court concludes that Posey has not presented sufficient evidence to sustain a hostile work environment claim based on age, and thus cannot show harassment sufficient to support a constructive discharge. In sum, no reasonable juror could conclude that Posey's working conditions were so intolerable that a reasonable person would feel compelled to resign. Because Posey has not demonstrated that he suffered an adverse employment action, he has not made out a prima facie case of age discrimination. The City is entitled to summary judgment on Posey's ADEA claims.[6]

---

[6] Posey's ADEA retaliation claim fails for the same reason. "To state a prima facie retaliation claim under the ADEA, a plaintiff must show: '(1) that he engaged in a protected activity, (2) that there was an adverse employment action, and (3) that a causal link existed between the protected activity and the adverse employment action.'" *Heggemeir v. Caldwell Cnty.*, 826 F.3d 861, 869 (5th Cir. 2016) (quoting *Holtzclaw*, 255 F.3d at 259). Because Posey has not shown that he suffered an adverse employment action, even under the lower standard employed in the retaliation context, he has not made out a prima facie case of retaliation under the ADEA. *See Stewart*, 586 F.3d at 331 (recognizing that an adverse employment action in the retaliation context must be "materially adverse," meaning "one that would dissuade[ ] a reasonable worker from making or supporting a

D.    Count Five - Racial harassment under 42 U.S.C. § 1983 and Title VII

1.    Posey's waiver argument

Posey has conceded his race discrimination claims but contends that his

racial harassment claims[7] against the City and King should proceed. Resp. [96] at

10 (stating that Defendants "have not asked this Court to dismiss the claims or (sic)

race based harassment and mistreatment"). It is questionable whether Posey has

even raised a hostile work environment claim under § 1983 and Title VII, as there

is no reference to a hostile work environment claim in Count Five of the Amended

Complaint [68]. *See* Am. Compl. [68] at 10-11. Instead, Count Five merely alleges

that King harassed Posey by making race-based statements and accusing him of

being racist. *Id*. However, Posey does state that he worked in a hostile work

environment in his factual allegations section of the Amended Complaint [68]. *See*

*id*. at 4. Because "an allegation of harassment is the underlying basis for a hostile

work environment claim," and out of an abundance of caution, the Court will

address any hostile work environment claim based on race raised by the Amended

Complaint [68]. *Melvin v. Barr Roofing Co.*, 806 F. App'x 301, 308 (5th Cir. 2020).

Nevertheless, the Court rejects Posey's argument that Defendants failed to

move for dismissal of this claim because it ignores the vagueness of the Amended

Complaint [68] and Defendants' explicit statement in their Memorandum [94] that

---

charge of discrimination.") (alterations in original) (quoting *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68 (2006)). The City is entitled to summary judgment on Posey's ADEA retaliation claim.

[7] Posey refers to this cause of action as a "racial harassment" claim, which the Court construes as a hostile work environment claim based on race. *See Washington v. Veolia N. Am. Operating Servs., L.L.C.*, 3:21-CV-356-CWR-FKB, 2022 WL 23471, at *2 (S.D. Miss. Jan. 3, 2022) (construing the plaintiff's "racial harassment" claim as a hostile work environment claim).

they "exhaustingly attempted to address and move for dismissal of any and all potential claims" raised by the Amended Complaint [68]. Mem. [94] at 22. Defendants also asked this Court to dismiss any claim that the Court or Posey identified that was not addressed in their Memorandum [94]. *Id.* In addition, Defendants addressed any hostile work environment claim that Posey may have raised in their Reply [98]. *See* Reply [98] at 2-5. As such, Defendants' request for dismissal of Posey's race-based hostile work environment claim is properly before the Court.

2.   Relevant legal standards

Posey's racial hostile work environment claims under Title VII and § 1983 constitute "parallel causes of action." *Lauderdale v. Tex. Dept. of Crim. Just., Institutional Div.*, 512 F.3d 157, 166 (5th Cir. 2007) (quoting *Cervantez v. Bexar Cnty. Civil Serv. Comm'n,* 99 F.3d 730, 734 (5th Cir. 1996)). In cases such as this one, where the same set of facts support both the Title VII and § 1983 claims, a court evaluates both under the standard governing Title VII actions. *See Irby v. Sullivan*, 737 F.2d 1418, 1431 (5th Cir. 1984); *Monteverde v. New Orleans Fire Dept.*, 124 F. App'x 900, 904 (5th Cir. 2005).

Similar to ADEA claims, to establish a prima facie case of a Title VII hostile work environment claim based on race, a plaintiff must show that

> (1) [he] is a member of a protected class; (2) [he] suffered unwelcomed harassment; (3) the harassment was based on [his] membership in a protected class; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known about the harassment and failed to take prompt remedial action.

*West v. City of Houston*, 960 F.3d 736, 741 (5th Cir. 2020) (quotation omitted).

Under the fourth element, "the harassment must be sufficiently severe or pervasive

to alter the conditions of the victim's employment and create an abusive working

environment." *Id*. (quoting *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 479

(5th Cir. 2008)). "Whether an environment is hostile or abusive depends on the

totality of the circumstances, including factors such as the frequency of the conduct,

its severity, the degree to which the conduct is physically threatening or

humiliating, and the degree to which the conduct unreasonably interferes with an

employee's work performance." *Septimus v. Univ. of Houston*, 399 F.3d 601, 611 (5th

Cir. 2005) (citation omitted).

3.   <u>Analysis</u>

Turning first to Posey's Title VII claim against King, the Fifth Circuit has

held that "[i]ndividuals are not liable under Title VII in either their individual or

official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir.

2003) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448–49 (5th Cir. 2002)). Posey's

Title VII claims against King should be dismissed for this reason. However, Posey

may maintain a race-based hostile work environment claim against King

individually under § 1983. *See, e.g., Caldwell v. Lozano*, 689 F. App'x 315, 321-322

(5th Cir. 2017).

Posey's hostile work environment claim is rooted in his allegations that King

accused him of being racist and harassed him "simply because . . . [he] is white."

Am. Compl. [68] at 10-11. In support of this claim, Posey has offered declarations

23

prepared by his former co-plaintiffs and firemen for the City, who assert that King:

(1) told members of the fire department that he believed they were racist; (2)

referred to white employees as "culturally incompetent"; (3) demanded that the fire

department culture change; (4) attempted to make cultural training mandatory;

and (5) asked an African-American city employee to accuse the white firemen of

being racist. Ex. 1 [96-1] at 1-2; Ex. 2 [96-2] at 1-2. It is undisputed that none of the

comments were directed specifically at Posey, *see* Ex. 1 [96-1] at 1-2; Ex. 2 [96-2] at

1-2, and he confirmed in his deposition testimony that King never made "any racial

comment" to him directly, Ex. 7 [96-7] at 24, 31.

As an initial matter, the Fifth Circuit has explained that "[h]arassing

someone because he is a racist . . . is not the same as harassing someone because of

his race. Race is a physical characteristic, whereas racism is a prejudicial belief

about someone because of his race." *Byrnes v. City of Hattiesburg*, 662 F. App'x 288,

291 (5th Cir. 2016). King's purported comments fall into this latter category and, to

the extent that these comments could constitute harassment, each is evidence that

King harassed members of the fire department because he believed they were

racist, not because of their race. Consequently, this evidence is not sufficient to

support a claim of a hostile work environment based on race. *Ramsey v. Henderson*,

286 F.3d 264, 270 (5th Cir. 2002) (recognizing that conduct that does not involve

racial discrimination "cannot be the basis of a Title VII claim").[8]

---

[8] Posey was asked directly if King had ever referred to his race and Posey's sworn response detailed comments that King made during City employee meetings. Ex. 3 [96-3] at 23. Posey claimed that King would talk about having "a crew" that took care of him and that King "packed all the time." *Id*. Posey testified that he was intimidated by these statements because he knew of King's history of

To the extent that Posey has offered evidence that could be construed as racial harassment, he cannot establish that any of these incidents were sufficiently severe or pervasive. Posey has presented evidence that on two occasions King praised City employees when they were promoted within the fire department because of their race and that King once showed an image of an African American civil rights leader in a presentation. Ex. 1 [96-1] at 2-3; Ex 3 [96-3] at 2. Posey also testified that during meetings with City employees King "would use the N word" and claim that "white people had been running the City . . . way too long." Ex. 3 [94-3] at 23, 31. However, Posey also testified that neither King nor the Board had ever taken any action against him based on his race. *Id*. at 31-33.[9]

These isolated incidents and comments are not sufficient to warrant a finding that Posey was subjected to frequent or pervasive harassment. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (holding that "offhand comments, and isolated incidents . . . will not amount to discriminatory changes in the 'terms and conditions of employment'"); *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007) (holding that a supervisor's infrequent and isolated comments to the plaintiff about "ghetto children" and other racially inappropriate remarks were insufficient to create a fact issue on whether there was severe or pervasive harassment). Nor do these incidents and comments satisfy the high threshold for

---

physical altercations with City Aldermen. *Id*. To the extent these statements could be considered harassment, they are not evidence of harassment *based on race*. As such, they cannot support his race-based hostile work environment claim. *Ramsey*, 286 F.3d at 270.

[9] Posey did testify that King threatened to suspend him or recommend that his pay be decreased "if I didn't go over and fire . . . certain people or if I didn't do this or do that." Ex. 3 [94-3] at 31. Posey acknowledged that King never made it known to him that these threats were based on his race. *Id*. at 32.

demonstrating severe harassment. *See Faragher*, 524 U.S. at 788. ("[The Supreme Court has] made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment."). Nothing about King's praise of non-white fire department employees, his presentation, or his isolated comments about race rise to the level necessary to indicate extreme conduct.

Based on the totality of the circumstances and after considering each of the pertinent factors, the Court finds that Posey has not created a triable issue of fact on his race-based hostile work environment claims. Defendants are entitled to summary judgment on Posey's racial harassment claims under 42 U.S.C. § 1983 and Title VII.

## III.  CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants City of Moss Point, Mississippi, and Mario King's Motion [93] for Summary Judgment is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Tommy Posey's claims against Defendants City of Moss Point, Mississippi, and Mario King are **DISMISSED WITH PREJUDICE**.  A separate Final Judgment will issue in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 19th day of May, 2022.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE